

**DUNLAP
BENNETT &
LUDWIG**

211 Church Street SE
Leesburg, VA 20175
Phone: (703) 777-7319
Fax: (703) 777-3656
www.dbllawyers.com

November 19, 2018



**VIA FIRST CLASS MAIL**
Clerk of Court
United States Eastern District of Virginia
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

Re: *Service on Foreign Government in Civil Action No. 1:18-cv-00460-LO-IDD*

Dear Clerk:

This letter requests for clerk's office's assistance with service on Defendants the French Republic, Atout France, and M. Jean-Yves Le Drian, Minister of Foreign Affairs, in Civil Action No. 1:18-cv-00460-LO-IDD. Under Rule 4(j)(1) of Federal Rules of Civil Procedure, a foreign state must be served in accordance with 28 U.S.C. § 1608. Section 1608 provides the following:

§ 1608. Service; time to answer; default

(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
    (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
    (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
    (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or
    **(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.**

Pursuant to the statute, Plaintiff may attempt service through a lower method *only if* the previous methods are unavailable or have proven unsuccessful. Defendants in this matter are the French Republic, Atout France, and M. Jean-Yves Le Drian, Minister of Foreign Affairs. Defendant the French Republic and its Ministry of Justice consider the two other Defendants the French Republic itself, alleging that Atout France is a governmental agency of France and Mr. M. Jean-Yves Le Drian is a person acting for the French Republic. See Exhibit A.

There is no special arrangement for service between the Plaintiff and the French Republic. Plaintiff has attempted to deliver a copy of the summons and complaint through the Central Authority of France under the Hague Service Convention because both the U.S and France are contracting parties to the Convention. See Exhibit B. However, the service of process could not be completed as the French Republic exercised its discretionary authority under Article 9 of the Convention to reject Plaintiff's method of service and required him to use diplomatic channels. See Exhibit C. Plaintiff then attempted to complete the service under 28 U.S.C. § 1608(a)(3), by sending the documents dispatched by the clerk of this court to the head of the ministry of foreign affairs of the French Republic (See Exhibit D), but it has been more than 30 days since the date of the dispatch that he did not hear anything from the ministry indicating the completion of the service.

Because Plaintiff's service could not be made within 30 days under 28 U.S.C. § 1608(a)(3), he must attempt to serve the French Republic by sending "two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, *to be addressed and dispatched by the clerk of the court to the Secretary of State* in Washington, District of Columbia, to the attention of the Director of Special Consular Services." 28 U.S.C. § 1608(a)(4). Therefore, we respectfully request that the clerk of this court dispatch to

U.S. Department of State
CA/OCS/L, SA-17, 10th Floor
Washington, DC 20522-1710
Attn: FSIA

two copies of the following documents in this case: (1) Complaint (Dkt. No. 1:18-cv-00460-LO-IDD), (2) *New Summons addressed to the French Republic* (to be issued by this Court), (3) Notice of Suit (Exhibit E), and (4) the French translation of each attached hereto as Exhibit F. Please note that *one copy of the documents should not be stapled.*

We also request the clerk to make changes to the deadline stated in the original summons for the Defendant the French Republic to *sixty days (60)* to serve an answer or other responsive pleading to the Complaint after service has been made pursuant to 28 U.S.C. § 1608(d), and dispatch the new Summons along with other documents and translations in the above. Please note new summons for the other Defendants, Atout France and M. Jean-Yves Le Drian, are not needed as the French Republic and its Ministry of Justice consider them to be the French Republic itself.

In addition, we request the clerk to include *the attached cashier's check made out to U.S. Department of State in the amount of $2,275* with the documents to be dispatched. Upon receipt

of the check, the Secretary of State will transmit one copy of the documents above through diplomatic channels to the French Republic and then send to the clerk a certified copy of the diplomatic note indicating when they were transmitted.

Lastly, because the Department of State requires a letter from either Plaintiff's counsel or court clerk certifying that Plaintiff first attempted service under 28 U.S.C. § 1608(a)(1), (2), and (3) before proceeding to the Section 1608(a)(4) and that these attempts were made or otherwise not applicable, we ask the clerk to also include *Plaintiff's counsel's letter with its exhibit* attached hereto as Exhibit G along with the documents (i.e., Complaint, New Summons for the French Republic, Notice of Suit, and translation of the three) and the cashier's check when sending.

We greatly appreciate your assistance with this. Please feel free to contact us if you have any questions.

Best regards,

David Ludwig
Dunlap Bennett & Ludwig PLLC
Tel.: (703) 777-7319
dludwig@dbllawyers.com